IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN MEJIA | § | |
|    REG. ID. 524-58066 | § | |
| | § | |
| v. | § | C.A. NO. C-05-543 |
| | § | |
| BUREAU OF PRISONS | § | |

## **MEMORANDUM AND RECOMMENDATION TO DISMISS**

This is a civil rights action filed by a federal prisoner.  Plaintiff filed his original complaint on November 4, 2005.  (D.E. 1).  By Notice Of Deficient Pleading dated November 14, 2005, (D.E. 4), he was advised that he needed to either pay the civil filing fee of $250,[1] or to file a complete application for leave to proceed *in forma pauperis* ("i.f.p.") on or before December 5, 2005.

By letter dated December 5, 2005, plaintiff responded that he had not intended to file a section 1983 action, but instead, his "complaint" was in fact a section 2241 habeas petition to compel the Bureau of Prisons ("BOP") to produce his medical records.  See (D.E. 5, 6).  He also stated that he did not want to pay a filing fee, or seek leave to proceed i.f.p.  Id.

By Order to Show Cause entered December 19, 2005, (D.E. 7), plaintiff's characterization of his case as a petition for habeas corpus relief was rejected by this Court, noting that his request for copies of his medical documents does not

---

[1] The notice mistakenly states $150.00.

affect either the fact or duration of his sentence.  See Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam).  Plaintiff was ordered to show cause within twenty days of the entry of the order, January 8, 2006, why his case should not be dismissed for want of prosecution for failure to pay the filing fee or submit a completed i.f.p. application.

On December 23, 2005, plaintiff submitted a copy of his trust fund statement, (D.E. 8); however, he did not submit a completed application to proceed i.f.p.  On January 13, 2006, he filed a response to the show cause order.  (D.E. 9).  He continues erroneously to characterize his complaint as a habeas petition, and states that the purpose of his lawsuit is to compel the BOP to produce his medical records so that he can review them to determine if he *might have a negligence claim.*  Id.

In addition to failing to pay the $250 civil filing fee, or to submit a ***completed*** i.f.p. application, plaintiff fails to state a constitutional violation.  A prisoner has no constitutional right of access on demand to his medical records to search them for a possible medical malpractice claim.[2]  If plaintiff has suffered a medical injury, he is in the best position to know the nature of his injury and can file suit with the prison resources available.  Using the writ of habeas corpus as a

---

[2] 28 C.F.R. § 513.42 provides that an inmate may review records from his or her medical file by submitting a request to a staff member designated by the Warden.

discovery tool, however, in an unfiled case is an abuse of the writ. Moreover, in this case, plaintiff has failed to submit an i.f.p. application despite ample opportunity.

An action may be dismissed if the petitioner fails to prosecute it, or fails to comply with any order of Court. Fed. R. Civ. P. 41(b); <u>see</u> <u>also</u> <u>Martinez v. Johnson</u>, 104 F.3d 769, 772 (5th Cir. 1997). It is respectfully recommended that plaintiff's action be dismissed without prejudice for failure to prosecute.

Respectfully submitted this 19th day of April 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 72(b) of the Federal Rules of Civil Procedure, and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).